HORACE K. THURBER AND OTHERS, RESPONDENTS, v. SAMUEL C. THOMPSON AND OTHERS, APPELLANTS.

*Action to charge a holder of stock issued for property purchased by the company, on the ground of a fraudulent over-valuation thereof—when evidence of an offer for part of it, made to and refused by the company, is admissible.*

This action was brought to charge the holders of stock, in a corporation created under chapter 117 of 1853 and chapter 773 of 1870, with certain of the debts thereof. The defendants claimed that the stock was fully paid up, having been issued for the purchase of property necessary for the business of the company. The plaintiffs sought to recover on the ground that the stock had been fraudulently issued for property, the value of which had been greatly overestimated by the trustees. The company was formed for the purpose of laying out and subdividing land, into building or villa plots, and improving and selling the same.

Upon the trial, the plaintiff called witnesses who gave evidence as to the value of the lands purchased by the company; their opinions being based upon the value of the land for agricultural purposes. The defendant called, as a witness, one of the stockholders of the company, who testified that he had made propositions to the company for the purchase of several of the lots, soon after the purchase of the land by the company, and that he offered as much as $4,000 for a single lot. Upon the plaintiff's motion, so much of the answer as stated the price offered by him and refused by the company, was stricken out.

*Held*, that this was error. That if the jury should hold that the offer was made in good faith, it would bear with force upon the question as to whether or not there had been a fraudulent over-valuation of the land by the trustees.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

This action was brought against Samuel C. Thompson, Frederick F. Thompson, Demas Barnes, Jacob Silberman, Lazarus Rosenfeld and John W. Ellis, as stockholders of the Lake Mahopac Improvement Company, a corporation organized under chapter 117 of 1853, entitled "An act to authorize the formation of corporations for the erection of buildings," and the amendatory act of 1870, chapter 773, by which the purpose for which the corporation might be formed was extended to "the laying out and subdivision of lands

into building lots or villa plots, and the improvement and sale thereof. ' The defendants are sought to be charged, under section 10 of the act of 1853, with the debts of the corporation, because of the omission of the trustees to file a certificate that the capital stock had been paid in.

The action is based on two notes, signed by the president and treasurer of the corporation in its name, which notes were given for an antecedent indebtedness for groceries, wines and provisions furnished by the plaintiffs to the Gregory House—a hotel owned and managed by the corporation. Judgment by default had been entered against the company on these notes previous to the commencement of this action. The answers, besides a general denial, set up the special defense that the transactions in which the notes were given were beyond and outside of the scope of the business and power of the corporation, and that the stock owned by the several defendants was paid-up stock, issued, under section 2 of the amendatory act of 1870, for property necessary for the business of the company, and that, as holders of such stock, the defendants were not liable for the failure of the trustees to file the certificate required by section 10 of the act of 1853. The plaintiffs sought to prove that this stock had been fraudulently issued by the trustees for property which had been grossly overestimated.

*John L. Hill, William H. Scott, John Frankenheimer,* and *Fisher A. Baker,* for the appellants.

*E. More,* for the respondents.

DAVIS, P. J.:

Having reached the conclusion that there must be a new trial in this case for an error of the court in excluding evidence, it is not deemed necessary to consider the numerous other propositions presented on the argument of the appeal, most of which can be raised on a new trial in clearer and more incisive form than they appear in the papers before us. The case was submitted to the jury by the court below, upon the single question of fraudulent valuation of the lands purchased by the company for its business purposes,

and in payment for which a large proportion of the capital stock of the company was issued.

Upon this question of fraudulent valuation several witnesses were called on the part of the plaintiffs, who had long resided at Lake Mahopac, in the immediate vicinity of the lands purchased by the company, who gave their respective valuations, based, it must be conceded, largely upon the value of the lands for agricultural purposes. The company had purchased the lands not for uses of that kind, but for the purpose of bringing them into the market as village lots and villa sites, to be made valuable by reason of the extensive improvements devised and contemplated to be carried out in connection with certain public improvements, which were expected to bring the property into convenient access to and from the city of New York. The real question for the jury in such a case is briefly stated by Mr. Justice MILLER in the opinion in *Boynton v. Andrews* (63 N. Y., 93), read by the court to the jury on the trial of this case. He says : " The real question in a case of this character is whether the property was placed and taken at a high valuation with a fraudulent intent of evading the provisions of the statute." It cannot be doubted that, as was said also by Mr. Justice MILLER in the same opinion, an error of judgment or mistake in placing the value of the property purchased as the capital of a manufacturing company, if made in good faith, and not to evade the provisions of the act in question, would not of itself subject the stockholders of the company to a personal liability. A discretion is placed in the trustees which calls for the honest exercise of their judgment.

In determining the question, as it was presented in this case, it was extremely important that the jury should have before them not merely the kind of evidence of valuation given by the witnesses produced by the plaintiff, but also evidence of the probable enhanced value growing out of the contemplated improvements made and to be made by the company, and of the public improvements which were expected to add largely to the value of the land for the new objects and purposes to which it was to be devoted. It would be extremely unjust to such a company as this to hold that farming lands upon which the site of a city or town is about to be established,

and which are bought for that purpose, and mapped, plotted and subdivided into city or village lots, are to be viewed upon a question of over-valuation, merely as agricultural lands; and especially when the question to be tried is one of fraud, depending upon the good faith of the action of the trustees of a corporation which has purchased the property as the site of a city or town. In such a case as this it is and must be entirely competent to show at what prices portions of the lands have been sold for the latter purpose, and what offers have been made for parcels of land with a view to their use as residences, or for the business purposes of a town or city. In this case a witness was called who was a stockholder in the company to the extent of $10,000 actually paid in, and who was also a trustee of the company, and was familiar with the locality and value of the lands purchased. He testified that he had made propositions to the company to purchase several of the lots at different points, and pay a considerable price; that his propositions were not accepted, and that they were made soon after the purchase of the lots by the company; that the lots he proposed to purchase were laid out in different parcels, and that he offered as much as $4,000 for a single lot. So far as related to the price offered by him, plaintiff's counsel moved to strike out the answer. The court ruled that an offer made by the witness and not accepted by the company was not evidence of the value of the land, and granted the motion striking out the testimony. To this ruling the defendants excepted. We think the ruling was clearly erroneous. It should be for the jury to say whether or not the offer of the witness was made in good faith, and how far it was satisfactory evidence to them of the value. It certainly bore with no inconsiderable force upon the question of fraudulent valuation, because at a fair proportionate rate for the whole of the lands, the price offered by the witness as he says in good faith, would show it to be of such value that the jury might not hold that the prices at which they were taken were not fraudulently excessive. We see no way in which the error thus committed can be obviated. It follows that there must be a new trial.

The judgment must therefore be reversed and a new trial ordered, with costs to abide the event.

BARRETT, J., concurred.

Present—DAVIS, P. J., and BARRETT, J.

Judgment reversed, new trial ordered, costs to abide event.